# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2012

No. 11-20804
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS ALBERTO GONZALEZ-BELLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-386-1

Before WIENER, ELROD and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Louis Alberto Gonzalez-Bello (Gonzalez) pleaded guilty to being illegally present in the United States following deportation subsequent to an aggravated felony conviction. The district court determined that a sentence at the bottom of the applicable guideline range was appropriate, and imposed a sentence that took into account the one-month period that Gonzalez was in the custody of Immigration and Customs Enforcement. Gonzalez appeals the 40-month sentence of imprisonment, claiming that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court committed procedural error by failing to explain sufficiently its reasons for rejecting his request for a downward variance from the applicable guideline sentencing range. He also contends that the sentence was substantively unreasonable.

Our review begins with the question whether the district court committed "significant procedural error," such as failing to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we will consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. Nonetheless, when a judge decides simply to apply the Guidelines . . . , doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356-57 (2008) (internal citation omitted). When a party "presents nonfrivolous reasons for imposing a [non-Guidelines range] sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357.

The record shows that the district court heard Gonzalez's arguments for a sentence below the guideline range. The district court stated, however, that it had determined that a sentence at the bottom of the guideline range was adequate to sanction Gonzalez's criminal conduct and to satisfy the sentencing factors of 18 U.S.C. § 3553(a). The district court's explanation of the sentence imposed, while brief, was legally sufficient. *See id.* at 358-59; *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008). Gonzalez has not shown reversible procedural error.

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

To the extent that Gonzalez contends that a presumption of reasonableness should not apply to a sentence calculated under the illegal reentry guideline because the guideline is not empirically based, his argument, as he acknowledges, is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

Gonzalez attempts to rebut the presumption of reasonableness, asserting that the sentence represents a clear error of judgment in balancing the sentencing factors. He notes in this regard that the record shows that he had reunited with his wife, who was the victim of his prior offense; that he had become a devoted father; and that he was supporting his children. He contends that he has led an exemplary life, that the sentence did not take into account his history and characteristics, and that the sentence gave significant and undue weight to the seriousness of his offense.

Gonzalez essentially seeks to have his sentence vacated based on a reweighing of the § 3553(a) factors on appeal. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Gonzalez's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to the within-guidelines sentence imposed by the district court. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.